# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

Nicole Sullivan
4501 Jamieson Avenue APT D
St. Louis, MO 63109

    Plaintiff,

v.

Medicredit, Inc.
c/o Bennett S. Keller, Registered Agent
7701 Forsyth Blvd. Suite 400
St. Louis, MO 63105

    Defendant.

CASE NO.:

JUDGE:

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. In or around May, 2007, Plaintiff contacted Defendant after discovering that an account with Defendant was on Plaintiff's credit report.

10. During the communication referenced above, Plaintiff informed Defendant that Plaintiff was concerned that the debt might not be valid and Defendant stated that the debt would not be verified until Defendant sued Plaintiff.

11. At no point during the communication referenced above in paragraph 10 did Defendant inform Plaintiff of Plaintiff's right to request a validation of the debt.

12. Plaintiff never received written notice of the opportunity to request a validation of the debt.

13. On or around June 4, 2007, Defendant contacted Plaintiff at Plaintiff's place of employment and Plaintiff informed Defendant that Plaintiff was not allowed to receive personal calls at work regarding her debt and requested that Defendant refrain from calling her at work in the future.

14. Despite Plaintiff's notice and request, Defendant contacted Plaintiff at work again on the same day as the communication addressed above in paragraph 13.

15. On or around June 5, 2007, Defendant contacted Plaintiff at work again.

16. During the communication addressed above in paragraph 15, Defendant misrepresented that Defendant had spoken to Plaintiff's supervisor to verify employment.

17. During the communication referenced above in paragraph 15, Defendant threatened to garnish Plaintiff's wages.

18. Defendant has not sued Plaintiff or attempted to garnish Plaintiff's wages.

19. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692g by failing, within five days of the initial communication to send the applicable notice pursuant to that section.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Douglas A. Walker
Bar # 50829
Attorney for Plaintiff
515 Olive Street, Suite 702
St. Louis, MO 63101
Telephone: 866-339-1156
Email: daw@legalhelpers.com